This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39047

**MARGARET PATTERSON,**

Claimant-Appellant,

v.

**FLORINDA RUIZ,**

Personal Representative-Appellee,

**IN THE MATTER OF THE ESTATE
OF LUCY C. ROMERO, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Judge**

Margaret Patterson
Santa Fe, NM

Pro Se Appellant

Padilla Law Firm, P.A.
Ernest L. Padilla
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Margaret Patterson appeals an order denying a claim for reimbursement in this probate proceeding. [MIO 1] This Court issued a calendar notice proposing to affirm that order and Patterson has filed a memorandum in opposition to that disposition. Having duly considered that memorandum, we remain unpersuaded and affirm the district court's order.

**{2}** In her memorandum, Patterson concedes that a person who was not a licensed attorney could not file a motion on her behalf, but continues to assert that the motion asserting her claim for reimbursement was given to Florinda Ruiz at the same time as the attempted filing, and that a person does not need to be an attorney to serve papers on a person. [MIO 2] Patterson is correct: a person does not need to be an attorney to serve papers, but at the time these events happened, no one had yet been appointed as the personal representative of the estate. Because there was no personal representative at that time, claims against the estate could not be asserted by presenting them to any person, even if that person later became the personal representative of the estate. Instead, if someone wants to make a claim to be paid by an estate when there is no personal representative, the only way to do that is to file the claim with the court. NMSA 1978, § 45-3-804(A) (1983).

**{3}** Thus, the only way to assert her claim at that time was to file a claim with the court, but the court could not accept a motion filed on Patterson's behalf by someone not licensed to practice law. As a result, Patterson's options at that time were to either have an attorney file the motion or for Patterson, herself, to file the motion with the court. In any case, two things soon happened that solved this problem. First, Ruiz was appointed as the estate's personal representative, and second, Patterson filed her motion with the court in person. [RP 64, 74] Once those things happened, Patterson's claim for reimbursement was properly before the personal representative. *See* § 45-3-804(A).

**{4}** At that point, Ruiz was the personal representative, so it was her responsibility to either allow or disallow the claim. *See* NMSA 1978, § 45-3-806(A) (1993). She chose to disallow the claim on April 29, 2019. [RP 91] Once that happened, Patterson had sixty days in which to ask the court to address her dispute with Ruiz. *See* § 45-3-806(A). The probate code allowed her to do that in two different ways. She could have filed a "petition for allowance" with the court, or she could have brought a separate action against Ruiz. *See id.*

**{5}** Then sixty days passed in which Patterson did not file a petition for allowance or any other pleading asserting that Ruiz should have allowed her claim. Instead, Patterson requested a hearing on the matter five months after the disallowance. [RP 94] Following that hearing, the district court determined that it was too late for Patterson to challenge Ruiz's disallowance of her claim, because she did not bring the matter before the court within the sixty days required by the probate code. [RP 122]

**{6}** In her memorandum, Patterson points out that Ruiz was actually aware of her claim before she was appointed as the personal representative and that Patterson asserted her claim by way of a motion filed with the court. [MIO 3] These assertions appear to be accurate, and we have no reason to doubt them. The district court, however, has the task of resolving disputed and frequently inconsistent claims involving the estate, claimants or creditors of the estate, and heirs or devisees. Doing so in a timely and final manner requires that all of those disputes be brought together before the court at the same time. In order to accomplish that goal, the probate code gives the

job of assessing claims against the estate to a personal representative who either allows or disallows those claims. Then, the code requires any parties who disagree with the personal representative's decision to tell the court that there is a dispute, and to do so within sixty days so that they can all be resolved in one proceeding. Section 45-3-806(A). Patterson does not assert that she did anything to challenge the personal representative's disallowance of her claim within those sixty days. Because the district court correctly applied the probate code, we cannot say that the order on appeal was in error.

**{7}** Accordingly, we affirm the district court's order denying Patterson's motion for reimbursement.

**{8}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**